# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART, AND DENYING IN PART WITH LEAVE TO AMEND [21]

## I. Introduction

Plaintiff Bruce Treuhaft leased a 2013 Mercedes-Benz GLK250 on August 3, 2013 from Defendant MB USA, LLC. First Amended Complaint ("FAC"), Dkt. 19 ¶ 8. He purchased the vehicle on December 14, 2015. *Id.* ¶ 9.

Several years and tens of thousands of miles later, Plaintiff alleges that he began experiencing numerous problems with the vehicle. Between January 30, 2018 and January 27, 2020, Plaintiff brought his vehicle in for repair eight times. *Id.* ¶¶ 72-79. The issues with his vehicle included air hose problems, engine and oil leaks, diesel particulate filter problems, and problems with the diesel emissions system. *Id.*

Although the FAC does not clearly explain the relationship between these two sets of allegations, the FAC also alleges his vehicle contains a so-called "defeat device" which conceals the true extent of its diesel emissions. *Id.* ¶¶ 45-64. In particular, the FAC alleges that his vehicle's BlueTEC Clean Diesel system does not effectively mitigate emissions when ambient temperatures drop below 50 degrees Fahrenheit. *Id.* ¶ 45. Defendant's marketing campaign described its diesel vehicles as "significantly reduc[ing] greenhouse gases and smog-forming pollutants" and as the world's cleanest diesel vehicles. *Id.* ¶¶ 36-37.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
|---|---|---|---|
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

Plaintiff alleges he relied on the following representations in leasing and purchasing his vehicle are as follows:

- The vehicle had a "clean diesel" engine. *Id.* ¶ 65.
- Defendant "has been breaking new ground to help preserve the earth for future generations." *Id.*
- "BlueTec clean-diesel engine combines two best-in-class benefits: the smooth, powerful response of 369 lb-ft of torque, and highway fuel-efficiency of up to 33 mpg." *Id.*
- "[E]very GLK offers certified ultralow emissions, even in the most stringent of the 50 states." *Id.*
- A salesperson told Plaintiff that the vehicle had a "low-emission clean diesel engine" and "would be a safe and reliable choice." *Id.* ¶¶ 65-70.

Plaintiff brings claims for breach of express warranty and implied warranty under the Song-Beverly Consumer Warranty Act as well as a claim for fraudulent inducement. *Id.*

Before the Court are (1) Plaintiff's motion to remand the case to state court; and (2) Defendant's motion to dismiss under Rule 12(b)(6). For the reasons explained below, the motion to remand is DENIED and the motion to dismiss is GRANTED IN PART and DENIED IN PART with leave to amend.

## II.  Motion to Remand

### a.  Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
|---|---|---|---|
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

(citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If a plaintiff contests the amount in controversy alleged in the notice of removal, the defendant must put forth evidence establishing the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014). When challenged, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citations and quotation marks omitted). However, a plaintiff opposing removal does not raise a factual attack by simply demanding evidence from the removing defendant; instead, a challenge to removal jurisdiction is only raised when the plaintiff "challenge[s] the rationality, or the factual basis, of [the removing defendant's] assertions." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).

### b. Application

Plaintiff argues that this Court lacks diversity jurisdiction over this action because Defendant failed to establish that the amount in controversy exceeds $75,000. The Court disagrees.

Plaintiff argues that the amount in controversy alleged in Defendant's notice of removal failed to account for a "mileage offset," which would reduce the restitution recoverable under the Song-Beverly Act by the loss in vehicle value attributable to Plaintiff's use. *See* Cal. Civ. Code § 1793.2(d)(2). To calculate that reduction, "the 'actual price' paid or payable by the buyer for the Vehicle is multiplied by 'a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled ... prior to the time the buyer first delivered the vehicle ... for correction.'" *Brooks v. Ford Motor Co.*, 2020 WL 2731830, at *3 (C.D. Cal. 2020) (quoting Cal. Civ. Code § 1793.2(d)(2)(C)).

The FAC alleges that the vehicle had 49,110 miles on it when he first presented it for repair. FAC ¶ 72. Defendant provided documentary evidence indicating that the vehicle had 47 miles on the odometer when Plaintiff took possession of the vehicle. *See* Dkt. 29, at 13. The FAC also alleges that Plaintiff paid a total of $43,057.44. FAC ¶¶ 8-9. Conducting the calculation explained above, a reduction of $17,604.39 is warranted. The amount in controversy as to Plaintiff's claim for restitution is therefore $25,453.05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

Adding that to additional amounts implicated by the FAC, the amount in controversy easily clears $75,000.

The FAC seeks a civil penalty of twice Plaintiff's actual damages. FAC at 34. The amount in controversy encompasses the "maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted). The maximum recoverable civil penalty is therefore $50,906.01. *See Brooks*, 2020 WL 2731830, at *2 (considering civil penalties in amount in controversy calculation on motion to remand even though defendant did not offer evidence of willful failure to comply with the Song-Beverly Act).

The amount in controversy also encompasses the award of attorney's fees sought in the complaint. "The Ninth Circuit has made clear that 'Section 1332(a)'s amount-in-controversy requirement excludes only "interests and costs" and therefore includes attorneys' fees.'" *Id.* at *3 (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)); *see also Fritsch*, 899 F.3d at 794 ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Relying on evidence from Plaintiff's counsel's fee applications submitted in similar litigation, and excluding the top three awards, Defendant calculated an average fee request from Plaintiff's counsel of $72,624.36. Dkt. 29, at 15-16. Plaintiff's reply offers no evidence of its own to suggest that this litigation is likely to result in a smaller fee award. Dkt. 31, at 8-9.

Taking these three categories alone, the amount in controversy in this case easily exceeds the $75,000 threshold. Accordingly, Plaintiff's motion to remand is DENIED.

### III. Motion to Dismiss

#### a. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
|---|---|---|---|
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

   b. **Application**

      i. **Breach of Express Warranty**

"A plaintiff pursuing an action under the [Song-Beverly] Act has the burden to prove that (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." *Oregel v. American Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001) (citing Cal. Civ. Code § 1793.2 and *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 886-887 (2001)). To constitute a "reasonable number of repair attempts," a plaintiff must present the vehicle to the manufacturer or seller more than once, complaining of the same defect each time. *See Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 799 (2006) ("[A]t a minimum there must be more than one opportunity to fix the noncomformity." (citation omitted)); *Brownfield v. Jaguar Land Rover N. Am., LLC*, 584 F. App'x 874 (9th Cir. 2014) (approving jury instruction that under Song-Beverly Act a plaintiff "must show that she brought the car in to [Defendant] for the repair of [a] particular problem on more than one occasion"); *see also Silvio v. Ford Motor Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

109 Cal. App. 4th 1205, 1208 (2003) ("The statute does not require the manufacturer to make restitution or replace a vehicle if it has had only one opportunity to repair the vehicle.").[1]

Here, Plaintiff fails to allege that he made a "reasonable number of repair attempts" before filing suit under Cal. Civil Code § 1793.2(d)(1). The FAC describes eight different repairs. FAC ¶¶ 72-79. However, the FAC does not allege that Plaintiff gave Defendant an opportunity to repair the same issue on multiple occasions.[2]

Accordingly, Plaintiff fails to plead a cause of action for breach of express warranty under the Song-Beverly Act.[3]

### ii. Breach of Implied Warranty

To state a claim for breach of implied warranty of merchantability under the Song–Beverly Act, the implied warranty of merchantability "requires only that a vehicle be reasonably suited for ordinary use." *Keegan v. Am. Honda Motor Co.*, 838 F.Supp.2d 929, 945 (C.D. Cal. 2012). "[A] plaintiff claiming breach of an implied warranty of merchantability must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Id.* (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)). "There is no breach of any implied warranties" where a vehicle is

---

[1] While there is some authority that a breach of express warranty may be based on "related defects," *see, e.g.*, *Aleman v. Volvo Cars of N. Am., LLC*, 2020 WL 4742814, at *7 (C.D. Cal. 2020), no allegation in the FAC gives rise to a plausible inference that Plaintiff's repair attempts were for related defects.

[2] Plaintiff did twice have an issue with the diesel particulate filter, but a second visit for that issue was only required due to the unavailability of a part. This does not constitute more than one opportunity to repair the issue. *See McGee v. Mercedes-Benz USA, LLC*, 2020 WL 1530921, at *5 (S.D. Cal. 2020) (no failure to repair claim where parts remained unavailable).

[3] The Court declines at this stage to resolve Defendant's argument that Plaintiff fails to allege that the vehicle was presented within the warranty period. The parties appear to dispute whether the defects at issue here fall within the vehicle's basic four-year warranty or whether they fall within the longer seven- or eight-year emissions warranty periods. Dkt. 24, at 5-6. The issue has not been adequately developed in the briefing on the instant motion. However, the Court notes its skepticism that Plaintiff can take advantage of the longer warranty period without in some way alleging that the defects concern emissions control or performance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

"roadworthy in its present condition without any repairs." *Elsayed v. Maserati N. Am.*, 215 F. Supp. 3d 949, 964 (C.D. Cal. 2016) (quoting *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1548 (2014)).

The FAC entirely fails to allege that Plaintiff's vehicle is not fit for ordinary use. That Plaintiff needed to take his vehicle in for repairs on numerous occasions does not by itself amount to a breach of the implied warranty. *See Beshwate v. BMW of N. Am., LLC*, 2017 WL 4410169, at *10 (E.D. Cal. 2017) ("[A]n increase in the frequency of maintenance and/or of replacement of parts is insufficient to find a plausible contention that the vehicle is not in a safe condition nor that it is not substantially free from defects for an implied warranty claim." (citations omitted)). Although Plaintiff's vehicle was taken in for repairs eight times in a two-year period, the FAC suggests that the repairs were successful and the vehicle was restored to working order. FAC ¶¶ 72-79. No allegation indicates that the vehicle has ceased to operate safely or lacks a basic level of quality.

Accordingly, Plaintiff fails to state a claim for breach of the implied warranty.[4]

### iii. Fraudulent Inducement/Concealment

"The elements of fraudulent inducement are (1) misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages." *Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017) (citing *City Solutions, Inc. v. Clear Channel Commnc's*, 365 F.3d 835, 839 (9th Cir. 2004)).

Defendant argues that the misrepresentations alleged in the FAC are nonactionable puffery. "Vague or highly subjective claims about product superiority amount to non-actionable puffery." *Finney v. Ford Motor Co.*, 2018 WL 2552266, at *8 (N.D. Cal. 2018) (citation omitted). Misrepresentations are only actionable if they are "'specific' assertions that ... describe 'absolute characteristics' ... that could be tested." *L.A. Taxi Cooperative, Inc. v. Uber Techs., Inc.*, 114 F. Supp.

---

[4] The Court need not reach Defendant's statute of limitations arguments or the applicability of *American Pipe* tolling. However, to the extent Plaintiff relies on cross-jurisdictional tolling, the statute of limitations likely bars Plaintiff's claims. *See Hammond v. BMW of N. Am., LLC*, 2019 WL 2912232, at *3 (C.D. Cal. 2019) (District of New Jersey class action did not toll Song-Beverly claim under *American Pipe*).

3d 852, 861 (N.D. Cal. 2015) (quoting *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008)).

Considering only the representations in the FAC on which Plaintiff alleges that he relied, several of the representations are clearly puffery. Defendant's use of the term "clean diesel" and its assertion that it "has been breaking new ground to help preserve the earth for future generations" present no objective basis for testing. FAC ¶ 65. The same goes for the sales agent's statement that the vehicle was "reliable" and had a "low-emission clean diesel engine." *Id.* ¶ 69. *See Raymo v. FCA US LLC*, 475 F. Supp. 3d 680, 706 ("Statements about the cleanliness of an engine or emissions system, for example, 'clean diesel,' have been categorized by courts ... as puffery, as have claims that a vehicle is 'efficient' or 'reliable.'").

Two of the alleged misrepresentations present a closer question.

First, the FAC alleges that Plaintiff reviewed promotional materials that stated, "the BlueTEC clean-diesel engine" contains "best-in-class ... highway fuel-efficiency of up to 33 mpg." *Id.* ¶ 65.

Plaintiff fails to allege under Rule 9(b) that this representation is false. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("[Under Rule 9(b)] [t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." (citation omitted)); *In re Land Rover LR3 Tire Wear Prods. Liability Litig.*, 2011 WL 13225050, at *2 (C.D. Cal. 2011) ("To comply with Fed. R. Civ. P. 9(b), a plaintiff must plead 'with particularity' the time and place of the fraud, the statements made and by whom made, an explanation of how such statements were false or misleading when made, and the role of each defendant in the alleged fraud." (citations omitted)).

Nowhere in the FAC does Plaintiff allege that his vehicle fails to achieve "highway fuel-efficiency of up to 33 mpg," FAC ¶ 65, or why that representation is false.

Second, The FAC alleges that promotional materials stated that "every GLK offers certified ultralow emissions, even in the most stringent of the 50 states." FAC ¶ 65. Plaintiff alleges that Defendant falsely certified to the EPA that its vehicles did not contain a defeat device. *Id.* ¶ 60. It is objectively verifiable whether Defendant's certification to the EPA under 40 C.F.R. § 86.18090-01 was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

false. Although Plaintiff does not delve into the engineering specifics, the regulation specifically requires a certification regarding variable performance under different temperatures. The falsity of Defendant's certification to the EPA—and its representations regarding that certification to consumers—is therefore more properly considered in the context of a full record on summary judgment.

As a final matter, the Court briefly discusses Defendant's argument that Plaintiff's fraudulent inducement claim is barred by the economic loss rule.

"[T]he economic loss rule provides: where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (cleaned up). Economic loss includes "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Id.*

In many lemon law cases, fraudulent concealment claims will be barred by the economic loss rule. *See generally Kelsey v. Nissan N. Am.*, 2020 WL 4592744, at *2 (C.D. Cal. 2020) ("Numerous California federal courts sitting in diversity have applied the economic loss rule to prohibit a follow-on fraudulent inducement claim in run-of-the-mill Song-Beverly Act warranty breach actions."). This is so where the plaintiff simply alleges that a product defect was fraudulently concealed, because the warranty itself provides a remedy for such defects.

However, tort damages can be recovered "where the contract was fraudulently induced." *Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (1999) (citing *Las Palmas Associates v. Las Palmas Ctr. Associates*, 235 Cal. App. 3d 1220, 1238-39 (1991)). For this reason, even in a lemon law case, the economic loss rule is not a bar where a plaintiff plausibly alleges that his purchase of a vehicle was induced by false representations. *See Landa v. FCA US LLC*, 2021 WL 1565800, at *3 ("Under California caselaw, fraudulent inducement of a contract is a well-established exception to the economic loss rule." (citations omitted)); *Yetter v. Ford Motor Co.*, 2019 WL 3254249, at *7 (N.D. Cal. 2019) (holding in lemon law case that "the economic loss rule does not bar a claim, like Plaintiff's, for fraudulent inducement of the contract"); *Finney v. Ford Motor Co.*, 2018 WL 2552266, at *9 (N.D. Cal. 2018) (holding in lemon law case that "[t]he economic loss rule poses no barrier to a properly pled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11155-SVW-GJS | Date | 7/6/2020 |
| Title | *Bruce Treuhaft v. Mercedes-Benz USA, LLC* | | |

fraudulent inducement claim: '[I]t has long been the rule that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for fraud.'" (citations omitted)).

Because Plaintiff has adequately pleaded a claim for fraudulent inducement, the economic loss rule is not a complete bar to Plaintiff's claims.

Crucially, this conclusion does not mean the economic loss rule has no relevance to this case. Plaintiff must show that any damages arise from the breach of a duty independent of those contemplated in the warranty agreement. *See In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liability Litig.*, 483 F. Supp. 3d 838, 849 (C.D. Cal. 2020) ("[T]he economic loss rule turns not on what claims a plaintiff alleges, but rather on the harm caused (whether it is purely economic) and on the nature of the conduct that caused it, and more particularly on whether that conduct overlaps with a contractual obligation or is independent of it."). Whatever damages Plaintiff can prove resulted from Defendant's alleged fraud, Plaintiff cannot simply recover the same economic damages from defects or emissions performance that would otherwise fall within the warranty agreement.[5]

## IV.  Conclusion

Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART with leave to amend. Any amended complaint should be filed within 14 days.

The motion for leave to file an amended complaint [38] is denied as moot.

---

[5] Defendant appears to have limited its statute of limitations argument to Plaintiff's warranty claims. *See generally* Dkt. 21, at 12-25. The Court therefore expresses no opinion regarding the timeliness of Plaintiff's fraudulent inducement claim.

:

Initials of Preparer

PMC